IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HOLLY JEAN PERINE                                                                                    PLAINTIFF

v.                                           CIVIL NO. 22-2133

KILOLO KIJAKAZI, Acting Commissioner                                             DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Holly Jean Perine, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on July 2, 2019, alleging an inability to work since June 23, 2019, due to bipolar, paranoia, hallucinations, anxiety, diabetes, obesity, asthma, a disc in her back, polycystic ovary syndrome, gastroesophageal reflux disease, and carpal tunnel syndrome. (Tr. 11, 336). The ALJ issued an unfavorable decision on June 29, 2021. (Tr. 8–27). The ALJ found that Plaintiff had an impairment or combination of impairments that were severe: disorder of the back, morbid obesity, migraine headaches, asthma, anxiety, and mood disorders. (Tr. 14). The ALJ found that Plaintiff also suffered from the following

1

medically determinable impairments that were not severe: diabetes mellitus, gastroesophageal reflux disease, and sleep apnea. After reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments found in 20 C.F.R., Subpart P, Appendix 1. (Tr. 14–16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except the claimant can occasionally climb ramps and stairs but never climb ropes, ladders or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. She must avoid concentrated exposure to extreme heat or cold, humidity and noise and avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation and hazards such as dangerous machinery and unprotected heights. The claimant can perform work where interpersonal contact is incidental, e.g., assembly work, tasks should be no more complex than those learned and performed by rote with few variables and little judgment. Supervision required is simple, direct, and concrete. She will need to use a cane to ambulate.

(Tr. 16–25).

With the help of a VE, the ALJ determined that the Plaintiff would be unable to perform any of her past relevant work but would be able to perform the representative occupations of document preparer, cutter and paster, and printed circuit board inspector. (Tr. 25–26). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from June 23, 2019, through June 29, 2021, the date of his decision. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on June 23, 2022. (Tr. 1–4). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). (ECF Nos. 13, 15). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II. Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. *See* 20 C.F.R. § 404.1520(a)(4)(v).

### III. Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred at step two by not properly performing the psychiatric review technique particularly on Plaintiff's psychotic disorder, and by failing to consider Plaintiff's carpal tunnel and diabetes; 3) whether the ALJ erred in assessing Plaintiff's subjective complaints; and 4) whether the ALJ erred in his residual functional capacity determination. (ECF No. 13). The Commissioner argues that the ALJ's did consider Plaintiff's psychotic symptoms and auditory hallucinations at subsequent steps and properly accounted for resulting limitations, rendering any step two error harmless. (ECF No. 15). The Commissioner argues the ALJ was not required to find Plaintiff's carpal tunnel or diabetes severe at step two, as Plaintiff's citation to the CE was insufficient to show a severe impairment and she did not cite to evidence demonstrating functional limitations attributable to diabetes. Next, the Commissioner argues the ALJ properly evaluated the consistency of the evidence, citing Plaintiff's

improvements in mental and physical health, her return to work in March 2020, activities of daily living including travel, and lack of inpatient mental health care. Plaintiff argues the ALJ's RFC finding was proper, and that the record was fully and fairly developed.

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

While it is not reversible error to fail to find an impairment severe at step two, so long as said impairment is considered in the RFC assessment, failure to find an impairment severe at step two, and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then

failing to consider the effect of her back pain in combination with her other severe impairments was reversible error).

Plaintiff testified at the hearing that her hands hurt less when she slept since having carpal tunnel release surgeries in 2018 and 2019, but just writing a couple sentences on paper made her hands hurt and holding her phone in that moment to have the hearing made her hands hurt. (Tr. 147). Plaintiff testified that her hands would go numb and sometimes they would just open up because she often had no feeling in her hands, and she did not use a keyboard much because repetitive work like that hurt her hands. (Tr. 149). At Plaintiff's Orthopedic Consultative Examination Dr. Sonia Cox noted abnormalities in Plaintiff's wrist flexibility and grip strength, and opined she would have mild limitations in her ability to lift, carry, handle, and finger up to 20 pounds while seated. (Tr. 1169, 1171). The ALJ did not discuss Plaintiff's carpal tunnel release surgeries, her testimony about her hand limitations, or Dr. Cox's finding as to her hands beyond finding overall that the opinion was inconsistent with her physical examination. In making this finding, the ALJ cited only to inconsistencies with records pertaining to her leg and back, leaving the matter unclear as to how Dr. Cox's opinion regarding manipulative limitations was inconsistent with the record. (Tr. 23). The ALJ erred in failing to consider Plaintiff's carpal tunnel syndrome at step two and then failing to consider any limitations arising from this impairment in the RFC analysis.

Of further concern is the ALJ's lack of limitations regarding Plaintiff's difficulty focusing due to constant auditory and occasional visual hallucinations. While the ALJ did recount Plaintiff's mental health treatment in the RFC determination, he takes an extremely optimistic view as to the effectiveness of her treatment, highlighting findings of normal mood and affect with intact judgment and thought processes and finding that with treatment she was

better able to manage her hallucinations and other symptoms while ignoring Plaintiff's constant auditory hallucinations discussed and treated at those same appointments. (Tr. 24). Despite Plaintiff's allegations of bipolar, paranoia, anxiety and hallucinations in her initial application, and the fact that bipolar with psychotic features and agoraphobia with panic disorder were the diagnoses she received treatment for throughout the relevant time period; the ALJ found Plaintiff's only severe mental impairments were anxiety and mood disorders and did not find bipolar or agoraphobia to be nonsevere or otherwise explain the omission of these impairments. (Tr. 14, 510, 545, 601, 795, 798, 801, 823, 826, 815, 1012, 1015–20).  At her most recent medication management appointment before the administrative hearing, Plaintiff's medication was increased for mood and hallucinations, she reported ongoing hallucinations and severe emotional ups and downs. (Tr. 1010). The ALJ's failure to account for work limitations imposed by constant ongoing auditory and frequent visual hallucinations, particularly with evidence that this would cause her to be distracted or experience absenteeism, was error and warrants remand.

The Court believes remand is necessary for the ALJ to more clearly account for all of Plaintiff's limitations in the RFC determination.  Additionally, as the ALJ found both consultative examinations to be unpersuasive, and the state agency physician opinions were from November of 2019 and earlier the ALJ may also order consultative examinations, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### III. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of June 2023

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE